# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NORMAN HUSAR**, on behalf of himself and those similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>**DOLGEN MIDWEST, LLC**<br>d/b/a DOLLAR GENERAL<br><br>Defendant. | Case Number _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as well as the Class Action Fairness Act ("CAFA"), Defendant Dolgen Midwest, LLC ("Dollar General" or "Defendant") removes the above-entitled action from the Lorain County Court of Common Pleas, Lorain County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division, on the grounds of original jurisdiction under CAFA. In support of this Notice of Removal, and in accordance with 28 U.S.C. § 1446, Dollar General states as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff Norman Husar, a citizen and resident of Ohio, filed a complaint in the Lorain County Court of Common Pleas, Lorain County, Ohio, on October 11, 2022, captioned *Norman Husar v. Dolgen Midwest, LLC d/b/a Dollar General*, Case No. 22-cv-207195 ("State Court Action").

2. On October 14, 2022, process of this complaint was served on Dollar General's registered agent.

3. Removal of the complaint is timely because this Notice of Removal is filed within 30 days after October 14, 2022, as that time is calculated under the Federal Rules of Civil Procedure, and within 1 year of Plaintiff filing the complaint. 28 U.S.C. §§ 1446(b)(1), (c)(1); 1453(b); Fed. R. Civ. P. 6(a).

4. Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders received by Dollar General are attached as **Exhibit 1**. A page was missing from the complaint served on Dollar General, and the complaint as provided to Dollar General by the clerk's office for the Lorain County Court of Common Pleas is attached as **Exhibit 2**.

## VENUE

5. Venue lies in this Court because the action was filed in Lorain County, Ohio, which is within the geographic boundaries of the United States District Court for the Northern District of Ohio, Eastern Division. *See* 28 U.S.C. §§ 115(a)(1), 1441(a).

## NOTICE

6. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Dollar General will file a Notice of Notice of Removal with the Clerk of the Lorain County Court of Common Pleas and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Notice of Removal is attached as **Exhibit 3**.

7. In accordance with 28 U.S.C. § 1446(d), Defendant Dollar General has also given written notices to Plaintiff by contemporaneously serving this Notice of Removal and its Exhibits on counsel for Plaintiff.

## GROUNDS FOR REMOVAL

8. Plaintiff alleges that he was charged for the discrepancy "between the prices of the merchandise advertised on the shelves and what he was charged at the checkout." Compl. ¶¶ 13,

14, 19-21.  Plaintiff asserts that Dollar General "charge[s] higher prices at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in DG's Ohio stores."  Compl. ¶ 23.  Plaintiff brings a class action alleging that it is DG's "policy and practice" to charge this surplus.  Compl. ¶¶ 23-24.

9. Plaintiff brought Ohio Consumer Sales Practices Act ("CSPA") and unjust enrichment putative class claims as well as an individual CSPA claim.  Compl. ¶¶ 32-63.  Plaintiff seeks on behalf of himself and the putative class "actual damages, compensatory damages, and punitive damages" as well as statutory and treble damages.  Compl. ¶ 50; Compl. Prayer for Relief ¶¶ C, D, F, G.

10. CAFA gives district courts original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2).  A class action subject to this original jurisdiction must be a proposed class with more than 100 members.  28 U.S.C. § 1332(d)(5)(B).

11. "[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  CAFA "was enacted to broaden the availability of diversity-jurisdiction for class-action suits."  *Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 910 (6th Cir. 2017).  In sum: "the overall intent of [CAFA] is to strongly favor the exercise of federal diversity jurisdiction over [interstate] class actions."  *Davenport*, 854 F.3d at 910.

12. The following jurisdictional facts establish that this Court has original jurisdiction over this matter, making removal proper.  *See Dart*, 574 U.S. at 89 (a "notice of removal need

3

include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (holding that defendants need "only a plausible allegation of diversity of citizenship and the amount in controversy").

13. Certain financial, sales, and other sensitive information is being provided in **Exhibit 4**, which Dollar General will move to file under seal, because public disclosure of such sensitive information would likely result in competitive harm or business harm.

## I. The proposed class exceeds 100 members.

14. Plaintiff proposes a class comprised of "[a]ll persons who resided in Ohio on the date this complaint was filed, who at any time on or after the day two years prior to the date on which this Complaint was filed, who purchased merchandise at a Dollar General store located in Ohio." Compl. ¶ 24. Plaintiff's lawsuit therefore encompasses all Dollar General products sold in Ohio during the class period. *See also id.* ¶ 21 (alleging that the allegedly wrongful conduct applied to "the same and/or similar merchandise" that Plaintiff bought).

15. Plaintiff filed the complaint on October 11, 2022. *See* Compl. at 1 (clerk's stamp). The class period therefore began on October 11, 2020. *See id.* ¶ 24.

16. Plaintiff alleges that Dollar General has 943 stores in Ohio. Compl. ¶ 10.

17. Plaintiff's allegations plead that the putative class contains more than 100 people. *See* Compl. ¶ 27 ("the number of customers at each of DG's stores on a daily basis is likely dozens, if not hundreds or thousands of consumers"). This allegation alone is sufficient to support a finding that the aggregate number of putative class members exceeds 100. *See, e.g.*, *Kendrick v. Standard Fire Ins. Co.*, 2007 WL 1035018, *2 (E.D. Ky. Mar. 31, 2007) (sufficient to

4

establish 100-plus member putative class when complaint alleged "there are likely tens of thousands [of] members of the Plaintiffs' Class").[1]

## II. There is minimal diversity.

18. Minimal diversity exists when "at least one defendant is diverse from at least one plaintiff[.]" *Miller v. Volkswagen of Am., Inc.*, 889 F. Supp. 2d 980, 983 (N.D. Ohio 2012).

19. Plaintiff is a citizen of Ohio. Compl. ¶ 3.

20. Dollar General—that is, Dolgen Midwest, LLC—is a limited liability company, which is organized and existing under the laws of the State of Tennessee. "A limited liability company . . . has the citizenship of its members and sub-members." *Akno 1010 Market Street St. Louis Mo. LLC v. Poutaghi*, 43 F.4th 624, 626 (6th Cir. 2022). Dolgen Midwest, LLC has one member, Dolgencorp of Texas, Inc. In turn, Dolgencorp of Texas, Inc. is a Kentucky corporation which currently has, and at all relevant times had, its headquarters and principal place of business in Goodlettsville, Tennessee. Accordingly, Dolgen Midwest, LLC was and is a citizen of Kentucky and Tennessee for purposes of removal. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

21. Minimal diversity is satisfied because Plaintiff is a citizen of a different state than Dollar General. *See* 28 U.S.C. § 1332(d)(2)(A).

## III. The amount in controversy exceeds $5,000,000.

22. The removing defendant has the burden of demonstrating, "by a preponderance of the evidence, [that] the amount in controversy requirement has been satisfied." *Dart*, 574 U.S. at

---

[1] In addition, it is implausible that less than 100 people were the total customers for all 943 stores in Ohio over two years and were also responsible for the sales identified in the financial information provided in Exhibit 4.

88. The "short and plain statement standard required for removal tracks the general pleading requirement[.]" *Aldrich v. Univ. of Phoenix, Inc.*, 661 F. App'x 384, 389 (6th Cir. 2016). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submissions." *Total Quality Logistics, LLC v. Franklin*, 2020 WL 5051418, at *4 (S.D. Ohio Aug. 27, 2020).

23. At this stage of litigation, Dollar General need not submit evidence substantiating the amount in controversy, so long as it can offer a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89; *see also Total Quality Logistics, LLC*, 2020 WL 5051418, at *4. To the extent there is any dispute over the amount in controversy, Dollar General expressly reserves the right to submit evidence further substantiating its jurisdictional allegations.

24. Plaintiff's lawsuit centers on an alleged surplus charged at the register compared to the advertised price. Compl. ¶¶ 14-19. Plaintiff alleges that the price discrepancy issue affected *all* products sold at Dollar General's 943 stores in Ohio over two years. Compl. ¶¶ 10, 21-24.

25. Plaintiff has not specified an amount in controversy but seeks actual damages, statutory damages, treble damages, and punitive damages for the "Plaintiff, Class and Subclass." Compl. Prayer for Relief ¶¶ C-G.[2]

26. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C § 1332(d)(6); *see also* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005) ("Pursuant to new subsection

---

[2] Dollar General denies that Plaintiff can bring a class action or recover any of these damages on behalf of the putative class.

1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs).").

27. **Actual Damages.** Plaintiff and the putative class seek actual damages. Compl. Prayer for Relief ¶ C. Plaintiff alleges that he experienced a total of $7.26 in price discrepancies resulting from buying 16 products over a three-month period. Compl. ¶¶ 19-20. If Plaintiff is "typical" of the class, as he alleges, *see id.*, ¶ 29, he represents the average putative class member's total actual damages. In which case, there would need to be only 688,706 customers in the putative class for actual damages to exceed $5,000,000 ($7.26 multiplied by 688,706 equals $5,000,005.56.). Over the 24-month class period, that means each of Dollar General's 943 Ohio stores would need only 31 customers a month who made a purchase (688,706 divided by 943 divided by 24 equals 30.43). Plaintiff pleaded that there were more than 31 customers a month at each of Dollar General's 943 Ohio stores.[3] *See* Compl. ¶ 27.

28. Plaintiff alleges that Dollar General overcharged him and the putative class. *See* Compl. ¶¶ 13-23, 28-29. In his Complaint, he includes a table purporting to show this alleged overcharging of various merchandise. *See* Compl. ¶ 19. This table alleges sixteen instances of overcharging ranging from $0.10 to $1.05. On a percentage basis, this alleged overcharging ranges from 6% to 37.5% of the purported register price of the product, and the average percentage is 15.8%. Retail sales figures for Dollar General stores in Ohio during just one month of the class period are set forth in Exhibit 4. *See* Ex. 4, ¶ 1. Applying the lowest percentage alleged by Plaintiff

---

[3] Even if this method only assumed that each customer's purchases occurred over a three-month period rather than a one-month period, each of Dollar General's 943 stores would still only need 92 customers over a three-month period who made purchases—below the number Plaintiff pleaded. *See* Compl. ¶ 27.

7

(6%) in his table to the total retail sales for Dollar General stores in Ohio during one month of the class period easily exceeds $5,000,000. The same is true when the average percentage (15.8%) of the alleged overcharging in Plaintiff's table is used. Calculations using these same percentages for all months in the class period rather than just one month would be even higher.

29. Thus, actual damages alone (whether calculated via the method in Paragraph 27 or the methods in Paragraph 28 or an altogether different method) satisfy the $5,000,000 amount-in-controversy threshold.

30. **Statutory/Treble Damages.** Plaintiff seeks such statutory/treble damages on behalf of himself and the putative class. Compl. Prayer for Relief ¶¶ C, F. The CSPA provides in certain circumstances for the trebling "of the consumer's actual economic damages or two hundred dollars, whichever is greater." Ohio Rev. Code § 1345.09(B).

31. Plaintiff pleaded that "the number of customers at each of DG's stores on a daily basis is likely dozens, if not hundreds or thousands of consumers." Compl. ¶ 27. Taking the lowest figure Plaintiff alleged—one dozen customers—creates a putative class that exceeds 8,000,000 customers. (12 customers multiplied by 943 stores multiplied by 730 days equals 8,260,680 customers over two years across the 943 Ohio stores.)

32. Awarding those 8,000,000-plus putative class members the $200 statutory damages award would far exceed $5,000,000.

33. **Punitive Damages.** Plaintiff seeks punitive damages on behalf of himself and the putative class. Compl. Prayer for Relief ¶ G. "As a general rule, th[e] jurisdictional analysis must also take into account the ability of Plaintiff and the putative class to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered." *Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007). A CSPA claim can give rise to a

punitive damages award. *Patel v. Dish Network L.L.C.*, 2015 WL 4776894, *3 n.2 (S.D. Ohio Aug. 12, 2015). Punitive damages are capped at twice the value of compensatory damages for tort actions. Ohio Rev. Code § 2315.21(D)(2)(a). Doubling the actual damages identified above would result in a punitive damages award exceeding $5,000,000.

34. **Attorneys' Fees.** "As a general rule, attorneys' fees are excludable in determining the amount in controversy . . . unless . . . a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007). Under Ohio's CSPA, "the court may award to the prevailing party a reasonable attorney's fee[.]" Ohio Rev. Code § 1345.05(F). Accordingly, attorneys' fees are included in the amount in controversy.

35. "The court may choose either the lodestar approach or the percentage approach." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 761 (S.D. Ohio 2007). The lodestar method multiplies reasonable hours expended by the "reasonable hourly rate." *Id.* Under the percentage approach, "a court simply awards class counsel a reasonable percentage of the class settlement." *Id.* (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996)).

36. For a lodestar calculation, the median billable rate for an attorney in Northern and Southern Ohio in the class action context is about $360. *See e.g.*, Ronald L. Burdge, United States Consumer Law: Attorney Fee Survey Report 2017-2018, https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf (last visited Oct. 28, 2022). Given that it is difficult for Dollar General to estimate a lodestar method of calculation, which will be based on Plaintiff's assertion of a reasonable hourly rate and assertion of hours worked, Dollar General reserves the right to supplement this point. Even so, the potential attorneys' fees further increase the amount in controversy.

37. Indeed, under the percentage calculation, Plaintiff's attorneys' fees request could be as much as thirty percent of any judgment. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (recognizing that a "study by the Federal Judicial Center of all class actions resolved or settled over a four-year period . . . found a median percentage recovery range of 27-30%). Thus, the attorney's fees in this case alone could be more than $5,000,000.

## MISCELLANEOUS

38. This action has not been removed previously to federal court.

39. By filing this Notice of Removal, Dollar General does not waive any defenses, either procedural or substantive, that may be available. No statement or omission in this Notice is an admission of any allegations of or damages sought in the complaint.

40. Dollar General expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

41. If any question arises as to the propriety of removal to this Court, Dollar General requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

42. This Court has original jurisdiction over this litigation under CAFA. The parties are minimally diverse, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000.

Dollar General therefore requests, under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 that the State Court Action be removed to the United States District Court for the Northern District of Ohio, Northern Division, and that the Court assume jurisdiction over this action and enter such orders necessary to accomplish the requested removal and promote the ends of justice.

    Respectfully submitted,

    */s/ Elizabeth B. Wright*
    Elizabeth B. Wright (0018456)
    Brenna Fasko (0084897)
    **THOMPSON HINE LLP**
    3900 Key Center
    127 Public Square
    Cleveland, Ohio 44114-1291
    (216) 566-5500 (phone)
    (216) 566-5800 (fax)
    Elizabeth.Wright@ThompsonHine.com
    Brenna.Fasko@ThompsonHine.com

    R. Trent Taylor *pro hac vice pending*
    Travis C. Gunn *pro hac vice pending*
    McGuireWoods
    800 East Canal Street
    Richmond, Virginia 23219
    (804)775-7622 (phone)
    (804) 698-2039 (fax)
    rtaylor@mcguirewoods.com
    tgunn@mcguirewoods.com

    *Attorneys for Defendant Dolgen Midwest, LLC*

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing was filed electronically this 14th day of November, 2022. Notice of this filing can be accessed by parties by operation of the Court's electronic filing system. Notice of this filing was sent to counsel via email and U.S. Mail.

                                                         */s/ Elizabeth B. Wright*