UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NORMAN HUSAR**, on behalf of himself and those similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> **DOLGEN MIDWEST, LLC** <br> d/b/a DOLLAR GENERAL <br><br> Defendant. | Case Number _____ |

## MOTION FOR LEAVE TO FILE EXHIBIT UNDER PARTIAL SEAL

Comes now Defendant, Dolgen Midwest, LLC ("Dollar General"), pursuant to Local Civil Rule 5.2, and for its Motion for Leave to File Exhibit Under Seal states:

1. Dollar General filed a Notice of Removal on November 11, 2022. *See* ECF 1. In support of the Notice of Removal, Dollar General wishes to offer an exhibit ("Exhibit"), which it has filed partially redacted as Exhibit 4 to the Notice of Removal.

2. The Exhibit contains confidential and highly proprietary data and information relating to, among other things, Dollar General's financial and sales information.

3. The confidential and highly proprietary data and information contained in the Exhibit warrants sealing the document. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (courts may seal "sources of business information that might harm a litigant's competitive standing"). While the Sixth Circuit recognizes a strong presumption in favor of openness, courts in this circuit have held that financial and sales data overcomes that presumption. *See, e.g.*, *London Comput. Sys. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *2-4 (S.D. Ohio Aug. 29, 2019) (granting motion to seal "revenue/sales data, and financial calculations."). "[T]he public

1

will not need to view" DG's "revenue/sales data, and financial calculations . . . to understand the events giving rise to this dispute, or the arguments made in that motion." *Id.* (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F. 3d 299, 306 (6th Cir. 2016)). Disclosing DG's financial and sales data could place DG at a disadvantage with competitors. "There is a compelling reason for non-disclosure." *Id.* at *4. And "there will be no harm to the public interest." *Id.*

4. Moreover, "the seal is narrowly tailored." *Id.* DG "do[es] not seek to seal the contents of the [Notice of Removal]", only the proprietary financial and sales information included in an exhibit. *Id.*

5. The unsealed Exhibit should be viewed by Plaintiff's attorneys only, pending further orders from this Court concerning the Exhibit.

6. Accordingly, Dollar General respectfully requests that the Court grant permission to Dollar General to file the Exhibit under partial seal, and order that the unsealed Exhibit be viewed by Plaintiff's attorneys only, pending further orders from this Court concerning the Exhibit.

WHEREFORE, Defendant Dollar General respectfully requests that the Court grant it leave to file the Exhibit in support of its Notice of Removal under seal.

    Respectfully submitted,

    */s/ Elizabeth B. Wright*
    Elizabeth B. Wright (0018456)
    Brenna Fasko (0084897)
    **THOMPSON HINE LLP**
    3900 Key Center
    127 Public Square
    Cleveland, Ohio 44114-1291
    (216) 566-5500 (phone)
    (216) 566-5800 (fax)
    Elizabeth.Wright@ThompsonHine.com
    Brenna.Fasko@ThompsonHine.com

    R. Trent Taylor *pro hac vice pending*

>Travis C. Gunn *pro hac vice pending*
>McGuireWoods
>800 East Canal Street
>Richmond, Virginia 23219
>(804)775-7622 (phone)
>(804) 698-2039 (fax)
>rtaylor@mcguirewoods.com
>tgunn@mcguirewoods.com
>
>*Attorneys for Defendant Dolgen Midwest, LLC*

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was filed electronically this 14th day of November, 2022. Notice of this filing can be accessed by parties by operation of the Court's electronic filing system. Notice of this filing was sent to counsel via email.

                                                         */s/ Elizabeth B. Wright*