## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **NORMAN HUSAR**, on behalf of himself and those similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>**DOLGEN MIDWEST, LLC** d/b/a DOLLAR GENERAL<br><br>Defendant. | **Case Number**: 1:22-cv-02044-JG<br><br>Judge James S. Gwin |

### DEFENDANT DOLGEN MIDWEST, LLC'S ANSWER

Dolgen Midwest, LLC, d/b/a Dollar General ("Dollar General") by and through the undersigned counsel hereby answers Plaintiff's Class Action Complaint and Jury Demand ("Complaint") pursuant to this Court's Standing Order.[1]

To the extent the Complaint attempts to characterize certain alleged facts (*e.g.*, by describing conduct, labels, and/or products as "unlawful," "unfair," or "deceptive"), Dollar General responds generally that such allegations are mere pejoratives or legal conclusions and do not constitute allegations of fact requiring a response. To the extent such allegations may be construed as allegations of fact, Dollar General objects to and denies each and every allegation and incorporates by reference this response in each paragraph below as if fully set forth therein.

Dollar General further responds that the headings in the Complaint do not constitute allegations of fact requiring a response, but to the extent the headings may be construed as allegations of fact, Dollar General responds that it is without sufficient knowledge or information

---

[1] Accordingly, Dollar General does not waive and expressly preserves its arguments in its Rule 12(b)(6) Motion, filed contemporaneously herewith.

to form a belief as to the truth of the allegations and on that basis denies each and every such allegation.

Except as may be expressly and specifically admitted herein, Dollar General denies each and every allegation alleged in the Complaint, and further denies that Plaintiff has suffered any damages by reason of any act, omission, or conduct on the part of Dollar General. Dollar General further denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief at all, from Dollar General.

In response to the first unnumbered paragraph, Dollar General admits that Plaintiff has asserted this lawsuit against Dollar General. Dollar general denies that the allegations in this lawsuit have any merit and further denies that Plaintiff is entitled to any relief or remedy whatsoever. Dollar General specifically denies that this suit may proceed as a class action.

## NATURE OF THE ACTION

1. This is a consumer protection class action against DG arising out of DG's policies and procedures of regularly charging the Plaintiff and putative class members a higher price at the register than the price of merchandise advertised on the shelves at the time of sale at Dollar General stores across Ohio.

**ANSWER**: Dollar General admits that Plaintiff has brought a putative class action against Dollar General as alleged in Paragraph 1. Dollar General specifically denies that this lawsuit has merit and that this litigation may proceed as a class action.

2. This class action arises from DG's regular practice of charging customers a higher price on various items than the price advertised on its shelves in violation of the Ohio Consumer Sales Practices Act, ORC 1345.01, *et seq.*

**ANSWER**: Dollar General admits that Plaintiff has brought a putative class action against Dollar General as alleged in Paragraph 2.  Dollar General specifically denies that this lawsuit has merit and that this litigation may proceed as a class action.

## PARTIES, JURISDICTION, AND VENUE

3.  Plaintiff Norman Husar ("Plaintiff") is a natural person who resides in the City of Cincinnati, County of Hamilton, State of Ohio.

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 3.  To the extent any response is required, Dollar General denies the allegations in Paragraph 3.

4.  Defendant Dolgen Midwest, LLC d/b/a/ Dollar General ("DG") is a foreign limited liability company organized under the laws of the State of Tennessee with its principal place of business located at 100 Mission Ridge, Goodlettsville, TN 37072.

**ANSWER:** Dollar General admits the allegations in Paragraph 4.

5.  This Court has jurisdiction pursuant to R.C. 1345.04 as this action arises under the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.* ("CSPA").

**ANSWER:** The allegations in Paragraph 5 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 5.

6.  Venue lies in this Court as the substantial majority of the transactions giving rise to the Plaintiff's cause of action occurred within various DG stores throughout Lorain County, Ohio.

**ANSWER:** The allegations in Paragraph 6 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 6.

7.  Plaintiff and all others similarly situated are persons who shop at Dollar General stores in Ohio.

**ANSWER:** Dollar General admits that Plaintiff purports to bring this suit on behalf of a class of similarly situated persons.  Dollar General denies that the allegations in this lawsuit have any merit and that this litigation may proceed as a class action.

8.  DOLLAR GENERAL operates dollar stores that offer a variety of inexpensive merchandise, including home products, seasonal products, consumables, and apparel. The company's business model is about offering products at competitive prices (typically less than $10) in a convenient, small-store format. Its core customer category includes low-to-middle-income customers.  The company's stores are located in convenient locations that are easily accessible to its customers.  It follows a small-box format and the stores have an easy "in and out" shopping set-up.[2]

**ANSWER:** Dollar General admits that it operates stores that offer a variety of inexpensive merchandise, including home products, seasonal products, consumables, and apparel.  Dollar General further admits that its business model is to offer products at everyday low prices in convenient locations.  Dollar General states that the quoted language in the fifth sentence of Paragraph 8 speaks for itself.  Dollar General denies any allegations inconsistent therewith.  Dollar General admits that the quote from Paragraph 8 comes from the hyperlinked website in Footnote 1.  Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.  Dollar General denies all remaining allegations in Paragraph 8.

9.  Dollar General caters mainly to low-and-middle-income customers in rural and suburban areas. The company's core customers earn around $40,000 a year or below, $20,000 below the

---

[2] See https://marketrealist.com/2017/04/dollar-general-why-smal-format-stores-are-key/ (last visited September 26, 2022).

median income. Dollar General looks to build stores in rural areas where a big box retailer or grocery store is not within 15 or 20 miles. Around 75% of Dollar General stores are in towns with 20,000 or fewer people.[3]

**ANSWER:** Dollar General admits that it operates a chain of discount retail stores and that it has the needs of its customers in mind. Dollar General further admits that its business model is to offer products at everyday low prices in convenient locations. Dollar General admits that the information in Paragraph 9 purports to come from the hyperlinked website in Footnote 2. Dollar General states that the article cited in Footnote 2 of Paragraph 9 speaks for itself. Dollar General denies any allegations inconsistent therewith. Dollar General denies all remaining allegations in Paragraph 9.

10. As of March 2022, DOLLAR GENERAL owned and operated approximately Nine Hundred Forty-Three (943) Dollar General stores in Ohio with more locations scheduled to open.[4]

**ANSWER:** Dollar General admits the allegations in Paragraph 10 that Dollar General operates numerous stores in Ohio. Dollar General admits that the information in Paragraph 10 purports to come from the hyperlinked website in Footnote 3. Dollar General states that the article cited in Footnote 3 of Paragraph 10 speaks for itself. Dollar General denies any allegations inconsistent therewith. Dollar General denies all remaining allegations in Paragraph 10.

## FACTS RELATED TO PLAINTIFF'S TRANSACTIONS

11. The Plaintiff incorporates and restates the allegations contained in Paragraphs 1 through 10 as if fully set forth herein.

---

[3] See https://www.cnn.com/2019/07/19/business/dollar-general-opposition (last visited September 26, 2022).
[4] See https://www.statista.com/statistics/1121086/number-of-dollar-general-stores-in-the-united-states-by-state/ (last visited 26, 2022).

**ANSWER:** Dollar General, repeats, re-alleges, and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

12. The Plaintiff is a frequent customer of DG stores throughout Lorain County and Cuyahoga County.

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 12. To the extent any response is required, Dollar General denies the allegations in Paragraph 12.

13. While shopping at various DG locations between early July 2022 and early September 2022, the Plaintiff noticed discrepancies between the prices of the merchandise advertised on the shelves and what he was charged at the checkout.

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 13. To the extent any response is required, Dollar General denies the allegations in Paragraph 13.

14. When there was a price discrepancy, the Plaintiff was usually charged and paid more than the advertised price.

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 14. To the extent any response is required, Dollar General denies the allegations in Paragraph 14.

15. As a result of these discrepancies, the Plaintiff began to track his purchases.

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 15. To the extent any response is required, Dollar General denies the allegations in Paragraph 15.

16. In addition to tracking his purchases, the Plaintiff also began to document the advertised/shelf prices to compare them to what he was charged and paid at checkout.

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 16.  To the extent any response is required, Dollar General denies the allegations in Paragraph 16.

17. Between July 2022 and early September 2022, the Plaintiff made purchases at various DG Store Locations located in Lorain County, Ohio and Cuyahoga County, Ohio including:

    a.  DG Store #04686 located at 1651 Cooper Foster Park Rd, Amherst, OH 44001;
    b.  DG Store #07807 located at 425 W 4th St, Lorain, OH 44052-1644;
    c.  DG Store #12868 located at 2540 Leavitt Road, Lorain, OH 44052-4142;
    d.  DG Store #15058 at 7628 S. Leavitt Road, Amherst, OH 44001;
    e.  DG Store #15242 located at 5248 Colorado Avenue, Sheffield Village, OH 44054-2335;
    f.  DG Store #17110 located at 3785 Clague Rd, North Olmsted, OH 44070-2302;
    g.  DG Store #20045 located at 12526 Bellaire Rd, Cleveland, OH 44135

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 17, including all subparts.  To the extent any response is required, Dollar General denies the allegations in Paragraph 17, including all subparts.

18. Between July 2022 and early September 2022, the Plaintiff made purchases at the stores noted where the following price discrepancies occurred:

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 18.  To the extent any response is required, Dollar General denies the allegations in Paragraph 18.

19. In July and August 2022, Plaintiff made several purchases at Dollar General stores in Lorain County and Cuyahoga County. The discrepancies are outlined below:

| Date of Purchase | Store Number | Brand | Product | Price of Shelf/Sign | Register Price | Discrepancy |
|---|---|---|---|---|---|---|
| 07/03/22 | 12868 | Pepsi | Mountain Dew 2L | $1.90 | $2.20 | $0.30 |
| 07/06/22 | 15252 | Coca-Cola | Coke Zero 16 oz | $1.00 | $1.25 | $0.25 |
| 07/10/22 | 07807 | DG Health | Anti-Diarrheal | $3.50 | $3.95 | $0.45 |
| 07/14/22 | 07807 | CRC Brakleen | Brake Parts Cleaner 14 oz | $4.45 | $5.50 | $1.05 |
| 07/18/22 | 15252 | Eveready | Gold Battery AAA-8 | $4.95 | $6.00 | $1.05 |
| 07/23/22 | 04686 | Energizer | Max Battery D-2 | $4.65 | $5.50 | $0.85 |
| 07/28/22 | 17110 | Coca-Cola | Cherry Coke 16 oz | $1.00 | $1.25 | $0.25 |
| 07/31/22 | 07807 | Wrigley's | Extra Gum Slim Pack | $1.00 | $1.35 | $0.35 |
| 08/01/22 | 15058 | Coca-Cola | Coke de Mexico | $1.25 | $2.00 | $0.75 |
| 08/01/22 | 15252 | Raid | Aerosol A&R 17.5 oz | $4.75 | $5.25 | $0.50 |

| 08/05/22 | 20045 | Raid | Ant Baits 4 ct | $4.00 | $4.50 | $0.50 |
|---|---|---|---|---|---|---|
| 08/05/22 | 20045 | Coca-Cola | Sprite 16 oz | $1.00 | $1.25 | $0.25 |
| 08/09/22 | 07807 | Santitas | Tortilla Chips | $2.29 | $2.45 | $0.16 |
| 08/27/22 | 07807 | Energizer | 9V Batteries | $4.65 | $4.95 | $0.30 |
| 09/01/22 | 07807 | Crystal Valley | Water | $0.85 | $0.95 | $0.10 |
| 09/01/22 | 07807 | Crystal Valley | Water | $1.50 | $1.65 | $0.15 |

*See also* Exhibit 1 to Complaint – Receipts and Proof of Purchase.

**ANSWER:** Dollar General is without sufficient information to admit or deny the allegations in Paragraph 19 and the accompanying chart. To the extent any response is required, Dollar General denies the allegations in Paragraph 19. Dollar General states that the cited Exhibit 1 speaks for itself. Dollar General denies anything inconsistent therewith.

20. Based on the allegations in Paragraph 19 above and Exhibit 1 between July 3, 2022 and September 1, 2022 the Plaintiff was overcharged at least $7.26.

**ANSWER:** Dollar General denies the allegations in Paragraph 20.

21. Based on the allegations here and as demonstrated by Exhibit 1 DG used the same procedures that it employed in charging higher prices than advertised to the Plaintiff when selling the same and/or similar merchandise to numerous other Ohio consumers.

**ANSWER:** Dollar General denies the allegations in Paragraph 21.  Dollar Generally specifically denies that this litigation may proceed as a class action.

22. In the two (2) year period before the Complaint was filed DG charged prices that were higher than advertised that were the same or similar to the advertisements described, *supra*, to numerous Ohio consumers.

**ANSWER:** Dollar General denies the allegations in Paragraph 22.  Dollar Generally specifically denies that this litigation may proceed as a class action.

23. Based on the allegations herein, supra, and demonstrated by Exhibit I, It is DG's policy and practice to charge higher prices at the register for merchandise than the price advertised on the unit price labels for the same merchandise on the shelves in DG's Ohio stores.

**ANSWER:** Dollar General denies the allegations in Paragraph 23.

## CLASS ACTION ALLEGATIONS

24. **Class Definition**: Plaintiff brings this action pursuant to Civ. R.23 on behalf of a class similarly situated individuals and entities defined as follows:

> All persons who resided in Ohio on the date this complaint was filed, who at any time on or after the day two years prior to the date on which this Complaint was filed, who purchased merchandise at a Dollar General store located in Ohio.

**ANSWER:** Dollar General admits the allegations in Paragraph 24 that Plaintiff purports to bring this lawsuit as a class action.  Dollar General denies all remaining allegations in Paragraph 24.  Dollar Generally specifically denies that this lawsuit may proceed as a class action.

25. **Subclass Definition**: The Plaintiff also brings this action on behalf of a Subclass of similar situated individuals and entitled defined as follows:

> All members of the Class who paid more for merchandise than the advertised price labeled on the shelf at a Dollar General store located in Ohio.

**ANSWER:** Dollar General admits the allegations in Paragraph 25 that Plaintiff purports to bring this lawsuit as a class action.  Dollar General denies all remaining allegations in Paragraph 25.  Dollar Generally specifically denies that this lawsuit may proceed as a class action.

26. Excluded from the Class and Subclass are (1) the Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parent(s) have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Jude to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class and/or Subclass; (4) any person(s) who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any excluded parties.

**ANSWER:** Dollar General admits the allegations in Paragraph 26 that Plaintiff purports to exclude certain individuals from the putative class as described in Paragraph 26.  Dollar General denies all remaining allegations in Paragraph 26.  Dollar Generally specifically denies that this lawsuit may proceed as a class action.

27. **Numerosity and Ascertainability**: Upon information and belief the Class and Subclass (the "Classes") are each composed of more than forth (40) members, such that the Classes are so numerous that joinder of all members is impractical.  This conclusion is reasonable given that Defendant operates 943 stores across Ohio as of March 2022 as noted above and the number of customers at each of DG's stores on a daily basis is likely dozens, if not hundreds or thousands of consumers.

**ANSWER:** Dollar General denies the allegations in the first sentence of Paragraph 27.  Dollar Generally specifically denies that this lawsuit may proceed as a class action.  Dollar General admits the allegations in the second sentence of Paragraph 27 that it operated 943 stores across

Ohio as of March 2022 and that numerous consumers frequent Dollar General stores on a daily basis.  Dollar General denies all remaining allegations in Paragraph 27.

28. **Commonality and Predominance**: There are questions of law and fact common to the proposed Classes that predominate over any individual questions.  These questions of law and fact include, but are not limited to:

    a.   Whether the shelf price labels are advertisements under the GA Regulations.

    b.   Whether the shelf price labels are advertisements as defined by the CSPA;

    c.   Whether any or all of the purchases made by the Plaintiff and members of the Classes were consumer transactions as defined by the CSPA;

    d.   Whether the mis-priced shelf labels violate the CSPA;

    e.   Whether the Plaintiff and/or members of the putative Classes suffered an ascertainable loss as a result of the Defendant's unlawful practices;

    f.   Whether by charging consumers in Ohio more than the advertised shelf price at checkout, DG committed a deceptive act as defined by the CSPA;

**ANSWER:** Dollar General denies the allegations in Paragraph 28, including all subparts.

29. **Typicality**: Plaintiff's claims are typical of the claims of the Classes.  Plaintiff and the putative Class Members were all subjected to and affected by a uniform course of conduct; specifically, DG's pattern and practice of charging Ohio consumers a higher price at the register than the posted price on the shelf for various pieces of merchandise.

**ANSWER:** Dollar General denies the allegations in Paragraph 29.

30. **Adequacy**: The Plaintiff will adequately represent the interests of the Classes.  The Plaintiff does not have any interests adverse to the Classes.  Plaintiff's proposed class counsel has

a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

**ANSWER:** Dollar General denies the allegations in Paragraph 30.

31. **Superiority**: A class action is the superior method for quick and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Classes are significant, the amount is modest compared to the expense and burden of individual litigation. The questions of law or fact common to the members of the Classes predominate over any question affecting only individual members. A class action will cause an orderly and expeditious administration of the claims of the Classes, and will foster economies of time, effort, and expense. Given the relatively small amount of damages available to Plaintiff and members of the Classes, adjudication on a classwide basis would provide members of the Classes with a remedy that they may be unlikely to pursue individually. Plaintiff does not anticipate any difficulty in the management of this litigation.

**ANSWER:** Dollar General denies the allegations in Paragraph 31.

## CLASS CLAIMS

### COUNT ONE: VIOLATIONS OF THE CSPA, R.C. 1345.01, *et seq.*
### (On behalf of the Plaintiff and Classes)

32. Plaintiff restates and incorporates all of his allegations contained in paragraphs 1 through 31 in their entirety.

**ANSWER:** Dollar General, repeats, re-alleges, and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33. A "consumer transaction" is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for

purposes that are primarily personal, family, or household, or solicitation to supply any of these things."  R.C. 1345.01(A).

**ANSWER:** Dollar General states that the statute cited in Paragraph 33 speaks for itself. Dollar General denies anything inconsistent therewith.   Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.

34. DG's sales of merchandise to Plaintiff and the Class Members constitute "consumer transactions" because such services were for the primary purpose of Plaintiff's and the Class Members' personal, family, or household use.  R.C. 1345.01(A).

**ANSWER:** The allegations in Paragraph 34 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 34.  Dollar General specifically denies that this lawsuit may proceed as a class action.

35. Plaintiff and the Class Members are each a "consumer" because they engaged in a consumer transaction with DG. R.C. 1345.01(D).

**ANSWER:** The allegations in Paragraph 35 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 35.

36. DG is a "supplier" because it is engaged in the business of effecting or soliciting consumer transactions.  R.C. 1345.01(C).

**ANSWER:** The allegations in Paragraph 36 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 36.

37. "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  R.C. 1345.02(A).

**ANSWER:** Dollar General states that the statute cited in Paragraph 37 speaks for itself. Dollar General denies anything inconsistent therewith.  Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.

38. "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  R.C. 1345.03(A).

**ANSWER:** Dollar General states that the statute cited in Paragraph 38 speaks for itself. Dollar General denies anything inconsistent therewith.  Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.

39. DG has engaged in unfair, deceptive, and/or unconscionable acts or practices in direct violation of the CSPA by charging a higher price at the register for merchandise than the price as advertised on the shelf price labels for the same merchandise.

**ANSWER:** Dollar General denies the allegations in Paragraph 39.

40. Plaintiff and those similarly situated paid more for the merchandise they purchased than the price advertised on the shelf labels for that merchandise at the times of their purchases.

**ANSWER:** Dollar General denies the allegations in Paragraph 40.  Dollar General specifically denies that this lawsuit may proceed as a class action.

41. Ohio Courts have determined that the actions of a supplier in failing to honor promised prices constitute unfair or deceptive acts or practices.  *See State of Ohio ex rel. Petro v. Level*

*Propane Gases, Inc.*, PIF No. 2198 (November 27, 2003) and *White v. Kent*, PIF No. 636 (March 30, 1988). A copy of PIF Nos. 2198 and 636 is attached as Exhibit 2.

**ANSWER:** The allegations in Paragraph 41 constitute legal conclusions to which no response is required. Dollar General further states that the case law cited speaks for itself. Dollar General denies anything inconsistent therewith. To the extent any response is required, Dollar General denies the allegations in Paragraph 41.

42. The Ohio Attorney General has made these determinations available for public inspection pursuant to R.C. 1345.05(A)(3).

**ANSWER:** The allegations in Paragraph 42 constitute legal conclusions to which no response is required. To the extent any response is required, Dollar General admits the allegations in Paragraph 42 that the Ohio Attorney General has made certain material available to the public. Dollar General denies all remaining allegations in Paragraph 42.

43. Plaintiff and the Class Members have a p1ivate right of action under the CSPA for the claimed breaches.

**ANSWER:** Dollar General denies the allegations in Paragraph 43. Dollar General specifically denies that this lawsuit may proceed as a class action.

44. As a direct and proximate result of the actions of DG which violate the CSPA, Plaintiff and the Class Members are entitled to actual damages in an amount to be determined at trial, as well as an award of reasonable attorneys' fees.

**ANSWER:** Dollar General denies the allegations in Paragraph 44. Dollar General specifically denies that this lawsuit may proceed as a class action and that Plaintiff is entitled to any relief whatsoever.

**COUNT TWO: UNJUST ENRICHMENT**
**(On behalf of the Plaintiff and Classes)**

45. Plaintiff restates and incorporates all of his allegations contained in paragraphs 1 through 44 in their entirety.

**ANSWER:** Dollar General, repeats, re-alleges, and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46. "The purpose of an unjust enrichment claim is not to compensate the plaintiff for loss or damage suffered by the plaintiff, but to enable the plaintiff to recover the benefit he has conferred on the defendant under circumstances in which it would be 1mjust to allow the defendant to retain it." *Barrow v. Vill. of New Miami*, 104 N.E.3d 814, 818 (Ohio Ct. App. 2018); *San Allen Inc. v. Buehrer*, 11 N.E.3d 739, 781 (Ohio Ct. App. 2014).  Equitable "restitution is the remedy for the unjust enrichment of one party at the expense of another." *Id.*

**ANSWER:** Dollar General states that the quotation in Paragraph 46 speaks for itself. Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.  Dollar General denies anything inconsistent therewith.  Dollar General further states that the allegations in Paragraph 46 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 46.

47. "To prevail on a claim for unjust enrichment, a plaintiff must demonstrate that: (1) he conferred a benefit upon the defendant, (2) the defendant had knowledge of the benefit, and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Id.*

**ANSWER:** Dollar General states that the quotation in Paragraph 47 speaks for itself. Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.  Dollar General denies anything inconsistent therewith.  Dollar General further states that

the allegations in Paragraph 47 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 47.

48. Based on the allegations herein, supra, DG has engaged in a pattern and practice of overcharging the Plaintiff and members of the Classes by at least $7.35 and collected monies from the Plaintiff and members of the Classes which DG knew or should have known that DG had no contractual or legal right to collect.

**ANSWER:** Dollar General denies the allegations in Paragraph 48.  Dollar General specifically denies that this lawsuit may proceed as a class action.

49. Based on the allegations herein, GD enjoyed the use of these overcharges without providing any material benefit to the Plaintiff and members of the Classes.

**ANSWER:** Dollar General denies the allegations in Paragraph 49.  Dollar General specifically denies that this lawsuit may proceed as a class action.

50. DG is therefore liable to the Plaintiffs and members of the Classes for an award of actual damages, compensatory damages, and punitive damages in amounts to be determined at trial.

**ANSWER:** Dollar General denies the allegations in Paragraph 50.  Dollar General specifically denies that this lawsuit may proceed as a class action.

**COUNT THREE: VIOLATIONS OF THE CSPA, R.C. 1345.01, *et seq.***
**(On behalf of Plaintiff individually)**

51. Plaintiff restates and incorporates all of his allegations contained in paragraphs 1 through 50 in their entirety.

**ANSWER:** Dollar General, repeats, re-alleges, and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

52. A "consumer transaction" is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for

purposes that are primarily personal, family, or household, or solicitation to supply any of these things."  R.C. 1345.01(A).

    **ANSWER:** Dollar General states that the statute quoted in Paragraph 52 speaks for itself. Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.   Dollar General denies anything inconsistent therewith.   Dollar General denies all remaining allegations in Paragraph 52.

53. DG's sales of merchandise to Plaintiff constitute "consumer transactions" because such services were for the primary purpose of Plaintiff's personal, family, or household use.  R.C. 1345.01(A).

    **ANSWER:** Dollar General denies the allegations in Paragraph 53.

54. Plaintiff is a "consumer" because he engaged in a consumer transaction with DG.  R.C. 1345.01(D).

    **ANSWER:** The allegations in Paragraph 54 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 54.

55. DG is a "supplier" because it is engaged in the business of effecting or soliciting consumer transactions.  R.C. 1345.01(C).

    **ANSWER:** The allegations in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 55.

56. "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  R.C. 1345.02(A).

**ANSWER:** Dollar General states that the statute in Paragraph 56 speaks for itself.  Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.  Dollar General denies anything inconsistent therewith.  Dollar General denies all remaining allegations in Paragraph 56.

57. "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction.  Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  R.C. 1345.03(A).

**ANSWER:** Dollar General states that the statute in Paragraph 57 speaks for itself.  Dollar General specifically denies that Plaintiff accurately and comprehensively quotes from this source.  Dollar General denies anything inconsistent therewith.  Dollar General denies all remaining allegations in Paragraph 57.

58. DG has engaged in unfair, deceptive, and/or unconscionable acts or practices in direct violation of the CSPA by charging a higher price at the register for merchandise than the price as adve1tised on the shelf price labels for the same merchandise.

**ANSWER:** Dollar General denies the allegations in Paragraph 58.

59. Plaintiff paid more for the merchandise he purchased than the price advertised on the shelf labels for that merchandise at the times of his purchases.

**ANSWER:** Dollar General denies the allegations in Paragraph 59.

60. Ohio Courts have determined that the actions of a supplier in failing to honor promised prices constitute unfair or deceptive acts or practices. *See State of Ohio ex rel. Petro v. Level Propane Gases, Inc.*, PIF No. 2198 (November 27, 2003) and *White v. Kent*, PIF No. 636 (March 30, 1988).  *See* Exhibit 2.

**ANSWER:** The allegations in Paragraph 60 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General denies the allegations in Paragraph 60.  Dollar General states that the cited Exhibit 2 speaks for itself.  Dollar General denies anything inconsistent therewith.

61. The Ohio Attorney General has made these determinations available for public inspection pursuant to R.C. 1345.05(A)(3).

**ANSWER:** The allegations in Paragraph 61 constitute legal conclusions to which no response is required.  To the extent any response is required, Dollar General admits the allegations in Paragraph 42 that the Ohio Attorney General has made certain material available to the public. Dollar General denies all remaining allegations in Paragraph 61.

62. Plaintiff has a private right of action under the CSPA for the claimed breaches and such action provides for remedies including actual damages, costs, treble damages, statutory damages and attorneys' fees.

**ANSWER:** Dollar General denies the allegations in Paragraph 62.

63. As a direct and proximate result of the actions of DG which violate the CSPA, Plaintiff is entitled to actual damages in an amount to be determined at trial or statutory damages of $200.00, non-economic damages of up to $5,000,000, treble damages, as well as an award of reasonable attorneys' fees.

**ANSWER:** Dollar General denies the allegations in Paragraph 63.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Norman Husar, on behalf of himself and those similarly situated, respectfully requests that this Court grants judgment against Defendant Dolgen Midwest, LLC d/b/a Dollar General, and issue an Order:

A.  Finding that this action satisfies the prerequisites for Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and Subclass, each as defined, supra;

B.  Designating the Plaintiff as a representative of the Class and Subclass, and his undersigned counsel as Class Counsel;

C.  Awarding the Plaintiff, Class and Subclass their actual damages;

D.  Awarding the Plaintiff, Class and Subclass their statutory damages, as applicable;

E.  Awarding the Plaintiff his statutory non-economic damages for the violations of the CSPA, as applicable;

F.  Awarding the Plaintiff, Class, and Subclass, treble damages, as applicable, for the violations of the CSPA;

G.  Awarding the Plaintiff, Class and Subclass punitive damages, as applicable;

I.  Granting all such further and other relief as this Court deems just and appropriate.

**ANSWER:** Dollar General denies that Plaintiff are entitled to any relief or remedy whatsoever, including, and without limitation, the certification of a class action or any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subparts (A) to (I).

## <u>JURY DEMAND</u>

Dollar General admits that Plaintiff have demanded a trial by jury under Ohio Rev. Code Ann. § 2743.11.

## <u>GENERAL DENIAL</u>

Dollar General denies any and all allegations not expressly admitted herein.

1.      **Failure to State a Claim:** The Complaint fails to state claims upon which relief may be granted for a number of reasons, including but not limited to the grounds asserted in Dollar General's Motion to Dismiss.

2.      **Safe Harbor Defense:**  Each of the causes of action alleged in the Complaint is barred by the "safe harbor" provision of Ohio's consumer protection laws. Ohio Rev. Code Ann. § 1345.12(A).

3.      **Comparative Fault/Contributory Negligence:**  Plaintiff's claims may be barred or reduced by the doctrine of comparative fault or contributory negligence.

4.      **Commercially Reasonable Manner:**  At all times relevant, Dollar General conducted itself in a commercially reasonable manner, consistent with the requisites of the Uniform Commercial Code.

5.      **Statutes of Limitations:**  Each of the causes of action alleged in the Complaint is barred to the extent that Plaintiff and the putative classes seek relief based on acts or omissions by Dollar General, or by products purchased by Plaintiff or putative class members, prior to the applicable limitations periods (statute of limitations or statute of repose).

6.      **Equitable Defenses:**  Each of the causes of action alleged in the Complaint is barred, in whole or in part, by the equitable doctrines of laches, estoppel and/or unclean hands.

7.      **Waiver:**  Each of the causes of action alleged in the Complaint is barred, in whole or in part, by the doctrine of waiver.

8.      **Failure to Provide Adequate Notice:**  Each of the causes of action alleged in the Complaint is barred, in whole or in part, by Plaintiff' failure to give Dollar General required and adequate notice of the claim.

9.      **Failure to Plead Fraud with Particularity:**  To the extent the Complaint alleges causes of action sounding in fraud, deception and/or misrepresentation, those claims are barred by Plaintiff' failure to allege the circumstances constituting the alleged fraud, deception and/or misrepresentation with particularity.

10.     **Existence of Contract:**  The equitable relief sought by Plaintiff and the putative class is barred by the existence of a contract. *See Weiper v. W.A. Hill & Assoc.*, 661 N.E.2d 796 (Ohio Ct. App. 1995).

11.     **Voluntary Payment Doctrine:**  Each of the causes of action alleged in the Complaint is barred by the voluntary payment doctrine to the extent Plaintiff and/or the putative class members voluntarily purchased the products at issue knowingly and intelligently and without mistake of fact.

12.     **Failure to Mitigate:**  The monetary relief sought by Plaintiff and the putative classes is barred to the extent that they failed to make reasonable efforts to prevent or mitigate any alleged injury or loss.

13.     **Lack of Proximate Cause:**  Dollar General is not liable to Plaintiff, in whole or in part, because the losses that Plaintiff allegedly suffered were not proximately caused by any act or omission of Dollar General.

14.     **Insubstantial Number of Putative Class Members Affected:**  The purported claims made by Plaintiff and members of the purported class on whose behalf they purport to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

15.     **Class Certification Improper:**  The purported class cannot be certified under Federal Rule of Civil Procedure 23 because the purported class, class representatives and/or class

counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions, and also fail to meet the standards articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

16.　**Class Certification Improper:**  Plaintiff' purported class claims are barred because the members of the class are not so numerous that it would be impracticable and uneconomical to require joinder of each class member.

17.　**Class Certification Improper:**  Plaintiff' purported class claims are barred because Plaintiff' definition of the class is vague, ambiguous, and overly broad.

18.　**Failure to Exhaust Other Available Remedies:**  The purported claims made by Plaintiff and members of the purported class on whose behalf he purports to sue are precluded or limited because Plaintiff and other members of the purported class on whose behalf they purport to sue failed to exhaust other available remedies.

19.　**Intervening or Superseding Cause:**  Plaintiff' alleged injuries were caused by an intervening or superseding cause.

20.　**Not Material:**  Plaintiff is precluded from recovery because the representations, actions or omissions alleged by Plaintiff were not and are not material to Plaintiff decisions to purchase or use Dollar General's products.

21.　**Consumer Protection Laws Unduly Vague:**  Any finding of compensatory liability under the consumer protection laws of the states at issue would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of any analogous provision contained in any state constitution, because the standards of liability under these consumer protection laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

22.    **Substantive Due Process:**  As a matter of constitutional right and substantive due process, Dollar General would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the purported representative of the putative class prevails on his claims. Trying this case as a class action would violate the United States Constitution and the constitution of Ohio.

23.    **No Basis for Restitution:**  There is no basis for restitution as Dollar General has not been unjustly enriched.

24.    **Other Classes:**  Plaintiff is estopped from pursuing relief in this action against Dollar General to the extent that Plaintiff proceeded with prosecution of any other class, consolidated, or individual action in any jurisdiction against Dollar General, including but not limited to those certain actions instituted prior or subsequent to this action.

25.    **Any Damages Caused By Others:**  Plaintiff alleged injuries and damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, and/or acts or omissions of an individual or entity over whom or which Dollar General exercised no control.

26.    **Negligence of Others:**  The negligence of others, over whom Dollar General exercises no control, was a, or the sole, proximate cause of Plaintiff injuries.

27.    **Setoff:**  Dollar General is entitled to a setoff against any damages awarded to Plaintiff for any and all payments made by any collateral source, including any funds paid in settlement on behalf of other joint tortfeasors and settling parties.

28.    **Punitive Damages:**  Any calculation or award of punitive damages against Defendant Dollar General based in whole or in part upon Dollar General's alleged conduct

toward non-parties is unconstitutional and constitutes a taking of Dollar General's property without due process. *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

29. **Damages Cap:** Plaintiff's claims are limited by Ohio's cap on punitive damages.

30. **Punitive Damages:** Any award of punitive damages against Dollar General in this matter would violate Dollar General's guarantees of due process, equal protection, property and protection against excessive fines under the Fourteenth Amendment to the United States Constitution and under applicable laws of this jurisdiction.

31. **Punitive Damages:** Any award of punitive damages against Dollar General in this matter based on Dollar General's conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be in violation of the United States Supreme Court's holding in *State Farm v. Campbell*, 538 U.S. 408 (2003).

32. **Punitive Damages:** Punitive damages may not be awarded: (a) Without proof of every element beyond a reasonable doubt, or in the alternate without proof by clear convincing evidence; (b) Without bifurcating the trial of all punitive issues, including punitive liability; (c) With no limits, including the maximum amount that a jury may impose in this jurisdiction; (d) With no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, *see State Farm v. Campbell*, 538 U.S. 408 (2003); (e) Which improperly compensates Plaintiff for elements of damage not otherwise recognized under the laws of this jurisdiction; (f) Without standards or sufficient clarity for determining the appropriateness or appropriate size of the award; (g) Without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm v. Campbell*, 538 U.S. 408 (2003); (h) Without appropriate instructions

on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (i) Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and (j) Without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm v. Campbell*, 538 U.S. 408 (2003).

33.     **Punitive Damages:**  Any award of punitive damages against Dollar General in this matter would violate Dollar General's guarantees of due process of protection against double jeopardy, excessive fines and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution and under applicable law of this jurisdiction, since Dollar General is subject to multiple punitive awards for the same alleged wrong or conduct.

34.     **Punitive Damages:**  Any award of punitive damages against Dollar General in this matter based upon a single course of conduct or enterprise for which punitive damages have already been imposed would constitute unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

35.     **Political Question Doctrine**  Plaintiff's claims present non-justiciable political questions because Congress retains exclusive authority over weights and measures and price verification and Plaintiff's claims directly challenge Congress's authority.

36.     **Comparative Causation:**  Plaintiff's claims are limited or barred to the extent Plaintiffs' own actions caused any alleged damage.

37.     **Damages Too Remote:**  Damages alleged by Plaintiff are too remote from any alleged conduct by Dollar General to support any recovery or relief to Plaintiff.

38.     **Accord and Satisfaction:**  Plaintiff' claims are barred in whole or in part by the doctrine of accord and satisfaction.

39.     **Speculative Damages:**  Some or all of Plaintiff's claims are or may be barred in whole or in part because Plaintiff's requested damages are impermissibly speculative.

40.     **No Duty:**  Dollar General has not breached any duty owed to Plaintiff.

41.     **Bona Fide Error:**  No civil penalties may be imposed against Dollar General, no party shall be awarded attorney's fees, and monetary recovery shall not exceed the amount of actual damages resulting from the violation in the event that Dollar is found to violate R.C. § 1345, under R.C. § 1345.11, because any alleged violation was a bona fide error.

42.     **Act or Practice Required or Specifically Permitted by Federal Trade Commission or federal law:**  No liability or penalties may be imposed against Dollar General, under R.C. § 1345.11, because Dollar General complied with all FTC rules and regulations and federal law, R.C. § 1345.12.

43.     **No attorneys' fees:**  Plaintiff is not entitled to attorneys' fees under R.C. § 1345.09(F) because Dollar General, if found to have violated R.C. § 1345, did not do so knowingly.

44.     **Reservation of Additional Defenses:**  Dollar General presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Dollar General hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

WHEREFORE, having fully answered the Complaint, Dollar General respectfully prays as follows:

1.     That Plaintiff take nothing by way of his Complaint;

2.      That judgment be entered in favor of Dollar General and against Plaintiff on the Complaint as a whole;

3.      That this Court finds that this suit cannot be maintained as a class action;

4.      That Dollar General be awarded costs of suit, including attorneys' fees and expert fees, as may be proper under applicable statutes;

5.      That the Court award such other relief as the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Dollar General requests a jury trial on all issues so triable.

Respectfully Submitted,

THOMPSON HINE LLP

By: */s/ Elizabeth B. Wright*
      Elizabeth B. Wright (0018456)
      Brenna Fasko (0084897)
      **THOMPSON HINE LLP**
      3900 Key Center
      127 Public Square
      Cleveland, Ohio 44114-1291
      (216) 566-5500 (phone)
      (216) 566-5800 (fax)
      Elizabeth.Wright@ThompsonHine.com
      Brenna.Fasko@ThompsonHine.com

*Attorneys for Defendant Dolgen Midwest, LLC*

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was filed electronically this 21st day of November, 2022.  Notice of this filing can be accessed by parties by operation of the Court's electronic filing system.  Notice of this filing was sent to counsel via email.

*/s/ Elizabeth B. Wright*