## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **NORMAN HUSAR**, on behalf of himself and those similarly situated, | Case No.: 1:22-cv-2044 |
| Plaintiffs, | Judge James S. Gwin |
| | Magistrate Judge Thomas M. Parker |
| vs. | |
| **DOLGEN MIDWEST LLC d/b/a DOLLAR GENERAL** | |
| Defendant(s) | |

---

## PLAINTIFF NORMAN HUSAR'S RESPONSE IN OPPOSITION TO DEFENDANT DOLGEN MIDWEST LLC'S MOTION TO DISMISS (Doc. 8)

---

**DANN LAW**
Brian D. Flick (0081605)
Marc E. Dann (0039425)
Whitney Kaster (0091540)
Michael A. Smith, Jr. (0097147)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
Phone: (216)373-0539
Facsimile: (216)373-0536
notices@dannlaw.com
*Counsel for Plaintiff Norman Husar and the Putative Class*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ii

**STATEMENT OF ISSUES TO BE DECIDED** vi
    1. Whether Plaintiff's Complaint fails to state a claim for relief pursuant to Civ. R. 12(b)(6)
    2. Whether Plaintiff's class allegations should be struck under Civ. R. 23.

**SUMMARY OF ARGUMENTS** vii
    1. Plaintiff's Complaint sufficiently alleges viable claims for relief both on behalf of the Plaintiff, the putative class, and the putative subclass for violations by the Defendant of the CSPA as the Complaint.  Defendant's arguments in support of dismissal are arguments much more appropriate at the Summary Judgment and/or Class Certification stages of litigation.
    2. Plaintiff's Complaint sufficiently alleges viable claims for unjust enrichment.
    3. Plaintiff's Class Claims are sufficiently alleged and any decisions regarding the certification of the class can be adequately addressed at the Class Certification stage of litigation.

**I. FACTUAL AND PROCEDURAL BACKGROUND** 1

**II. LEGAL STANDARD** 2

**III. ARGUMENT** 3
    **A.  THE PLAINTIFF STATES VIABLE CLAIMS FOR VIOLATIONS OF THE CSPA IN BOTH COUNTS ONE AND THREE OF PLAINTIFF'S COMPLAINT** 3
        1. The Plaintiff's prior knowledge does not preclude a CSPA Claim 4
        2. The Plaintiff has sufficiently pled that the Defendant engaged in unfair or deceptive acts. 7
        3. The Plaintiff has sufficiently pled a nexus for his damages. 10
        4. The Defendant's actions were knowing and directly impacted the Plaintiff and the Class. 10
        5. The CSPA Safe Harbor should not bar the claims asserted in the Complaint. 11
    **B. THE PLAINTIFF HAS STATES VIABLE CLAIMS FOR UNJUST ENRICHMENT** 11
    **C. THE PLAINTIFF'S CLASS ALLEGATIONS HAVE BEEN SUFFICIENTLY PLED AND SHOULD NOT BE STRICKEN** 12
        1. The CSPA Class Claims should not be stricken as the Plaintiff has pled notice 12
        2. The CSPA Class Definition is not overbroad 14
        3. The CSPA Subclass Definition is not a fail-safe class 15
        4. The CSPA Class Definition meets the requirements at the pleading stage for predominance and superiority 16

**IV. CONCLUSION** 16

## __TABLE OF AUTHORITIES__

### __Cases__

*Advanced Prod. Ct. v. Emco Maier Corp.*, 2003-Ohio-6206,
  2003 Ohio App. LEXIS 5568 (5th Dist. 2003) ............................................ 5, 6

*Anderson v. Discount Drug Mart, Inc.,* 2021-Ohio-693,
  169 N.E.3d 252 (8th Dist. 2021) ............................................ 7

*Ashcroft v. Iqbal*,  556 U.S. 662, 678 (2009) ............................................ 2

*Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,*
  502 F.3d 545, 548 (6th Cir. 2007) ............................................ 3

*Barrow v. Vill. of New Miami*, 104 N.E.3d 814, 818 (12th Dist. 2018) ............ 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................ 2

*Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974) ............................................ 2

*Campbell v. First Am. Title,* 269 F.R.D. 68; 73-74 (D. Me. 2010) ............................ 15

*Canasta v. Omaha Steaks Inc*,
  2013 U.S. Dist. LEXIS 118475 at *29-30 (N.D. Ill. 2013) ............................ 9

*Charvat vs. Ryan*, (2007) 879 N.E.2d 765. ............................................ 4

*Chesnut v. Progressive Cas. Ins. Co.*, 850 N.E.2d 751, 757 (8th Dist. 2006) ...... 4

*Cicero v. Am. Satellite, Inc*., 2011-Ohio-4918,
  2011 Ohio App. LEXIS 4053 (10th Dist. 2011) ............................................ 5, 6, 10

*Cranford v. Joseph Airport Toyota, Inc.*, 2d Dist. Montgomery No. 15408,
  1996 Ohio App. LEXIS 2252 (2nd Dist. 1996) ............................................ 11

*Eliason v. Gentek Bldg. Prod., Inc.*, No. 1:10-cv-02093,
  2011 U.S. Dist. LEXIS 94032, 2011 WL 3704823, at *3
  (N.D. Ohio Aug. 23, 2011) ............................................ 15

*Ferron v. EchoStar Satellite, LLC,* 4010 Fed. Appx. 903 (6th Cir. 2010) ............ 6

*Geary v. Green Tree Serv., LLC,* No. 2:14-cv-00522,
  2015 U.S. Dist. LEXIS 35059, 2015 WL 1286347, at *17
  (S.D. Ohio Mar. 20, 2015) ............................................ 15, 16

*Glass v. Tradesmen Int'l LLC*,
  505 F.Supp. 3d 747, 764-765 (N.D. Ohio 2020) ............................................ 14, 16

*Grgat v. Giant Eagle, Inc.,* 2019-Ohio-4582,
   135 N.E.3d 846, 852 (8th Dist. 2019)                                   *passim.*

*Johnson v. Geico Choice Ins. Co.,* No. 1:18-cv-1353,
   2018 U.S. Dist. LEXIS 207938, 2018 WL 6445617, at *4
   (N.D. Ohio Dec. 10, 2018)                             14

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).      2

*Legrand v. Intellicorp Records, Inc.*, No. 1:15-cv-2091,
   2016 U.S. Dist. LEXIS 38690, 2016 WL 1161817, at *4
   (N.D. Ohio Mar. 24, 2016)                             1

*Lewis v. ACB,* 135 F.3 389, 405 (6th Cir. 1997)           2

*Lilly v. Hewlett-Packard Co.*, 2006 U.S. Dist. LEXIS 22114,
   2006 WL 10640603 at * 5 (S.D. Ohio Apr. 21, 2006).     5

*Marrone v. Philip Morris USA, Inc*., 110 Ohio St.3d 5, 6,
   2006 Ohio 2869, 850 N.E.2d 31 (2006)              13

*Nelson v. Pieratt,* 2012-Ohio-2568 at *2 (12th Dist. 2012)     4

*Papasan v. Allain*, 478 U.S. 265, 283 (1986)            2

*Pattie v. Coach, Inc.*, 29 F.Supp 3d 1051, 1056 (N.D. Ohio 2014)   13, 14

*Pilgrim v. Universal Health Card LLC*, 660 F.3d 943,949 (6th Cir. 2011)   14

*Randelman v. Fidelity National Title Ins. Co.*, 646 F. 347 (6th Cir. 2011)   15

*Reeves v. PharaJet, Inc.*, 846 F. Supp.2d 791, 798 (N.D. Ohio, 2012)   5

*Richards v. Beechmont Volvo,* 127 Ohio App.3d 188,
   711 N.E.2d 1088 (1st Dist.1998)                 11

*Sancap Abrasives Corp. v. Swiss Indus. Abrasives Grp.*,
   68 F. Supp. 2d 853, 862 (N.D. Ohio 1999)             11

*Schneble v. Stark,* 2012-Ohio-3130, ¶ 47 (12th Dist. 2012)     3

*Shumaker v. Hamilton Chevrolet, Inc.*,
   184 Ohio App. 3d 326. 2009-Ohio- 5263, ¶ 17 (4th Dist. 2009)   3

*Sterling Constr., Inc. v. Alkire*, 2014-Ohio-2897 at *11 (12th Dist. 2014)   3

*Tudor v. Jewel Food Stores,* 288 Ill. App.3d 207 (1st Dist. 1997)   8, 9

*Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006)   2

*Whitaker v. M.T. Automotive, Inc.,* (2006)                                      3, 9, 10
   111 Ohio St.3d 177, 2006-Ohio-548

*White v. Kent*, 547 N.E.2d 386, 387 (1st Dist. 1988)                            13

*Yanacos v. Lake County, Ohio*, 953 F.Supp. 187. 191 (N.D. OH 1996)              2

**Rules**

Civ. R. 12(b)(6)                                                                 2, 5

**Statutes**

28 U.S.C. § 1332(d)                                                              2

R.C. § 1345.05(A)(3)                                                             14

R.C. § 1345.02                                                                   10

R.C. § 1345.02(A)                                                                3

R.C. § 1345.02(B)                                                                3, 4

R.C. § 1345.02(B)(2)                                                             3

R.C. § 1345.02(B)(10)                                                            4

R.C. § 1345.09(B)                                                                4, 13

R.C. § 1345.12                                                                   11

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Plaintiff's Complaint fails to state a claim for relief pursuant to Civ. R. 12(b)(6).

2.      Whether Plaintiff's class allegations should be struck under Civ. R. 23.

## <u>SUMMARY OF ARGUMENTS</u>

1.      Plaintiff's Complaint sufficiently alleges viable claims for relief on behalf of the Plaintiff, the putative class, and the putative subclass for violations by the Defendant of the CSPA as the Complaint.  Defendant's arguments in support of dismissal are arguments more appropriate at the Summary Judgment and/or Class Certification stages of litigation.

2.      Plaintiff's Complaint sufficiently alleges viable claims for unjust enrichment.

3.      Plaintiff's Class Claims are sufficiently alleged and any decisions regarding the certification of the class can be adequately addressed at the Class Certification stage of litigation.

Plaintiff Norman Husar, individually and on behalf of all others similarly situated, through Counsel, and for his Memorandum in Opposition to Defendant DolGen Midwest LLC's Motion to Dismiss hereby states as follows:

## I.       FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Norman Husar ("Plaintiff"), individually, and on behalf of all others similarly situated, filed a Class Action Complaint for Damages against Defendant DolGen MidWest, LLC d/b/a ("Defendant" or "DolGen") on October 11, 2022 in the Lorain County (OH) Court of Common Pleas Case No. 22 CV 207195 asserting for violations of the Ohio Consumer Sales Practices Act ("CSPA") and for unjust enrichment. ("Compl." or "Complaint")

The Complaint stems from Plaintiff's continued over-charges in various Dollar General stores owned and operated by the Defendant between July 3, 2022 and September 1, 2022. *See* Compl., Doc. 1-2, at ¶¶ 12-20, PageID #21-23.  The Complaint seeks to define a class of all Ohio residents who purchased merchandise from a Dollar General store located in Ohio within two (2) years of the filing of the Complaint. *Id*. at ¶ 24, PageID #23.  The Complaint seeks to define a subclass of all Ohio residents who, like the Plaintiff, paid more for merchandise than the price advertised by labels on the shelf at a Dollar General store located in Ohio. *Id.* at ¶ 25, PageID #23-24.  The Complaint seeks two claims for relief on a Classwide basis and one claim for relief for the Plaintiff individually: (1) Count One - claims for relief on behalf of the Plaintiff and the Classes for violations of the CSPA, ORC § 1345.01, *et seq*., (2) Count Two - claims for relief on behalf of the Plaintiff and the Classes for unjust enrichment, and (3) Count Three - claims for relief of the Plaintiff for violations of the CSPA. *See* Compl., at ¶¶ 32-44 (Count One); at ¶¶ 45-50 (Count Two; at ¶¶ 51-63 (Count Three), PageID #25-29.

On November 14, 2022 the Defendant filed its *Notice of Removal* of Plaintiff's Complaint from the Lorain County (OH) Court of Common Pleas to this Court.  The Defendant's sole basis for removal of the Complaint was invocation of this Court's jurisdiction under the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *See* Ntc. of Removal, Doc. 1, at ¶¶ 8-42, PageID #2-10.  The Plaintiff did not file a Motion to Remand and does not contest the jurisdiction of this Court of this matter.  After the filing of the *Notice of Removal*, the Defendant filed the *Motion to Dismiss* and *Defendant DolGen Midwest LLC's Answer* (Doc. 9) on November 21, 2022.

## II.     LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). The Court must accept the allegations of the plaintiff as true, construe the Complaint in the light most favorable to the Plaintiff and determine whether the Plaintiff can prove a set of facts in support of his claim that would entitle him to relief. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); see also *Papasan v. Allain*, 478 U.S. 265, 283 (1986); see also *Yanacos v. Lake County, Ohio*, 953 F.Supp. 187. 191 (N.D. OH 1996).   A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the `grounds' of his `entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations

omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### III.    ARGUMENT

### A. THE PLAINTIFF STATES VIABLE CLAIMS FOR VIOLATIONS OF THE CSPA IN BOTH COUNTS ONE AND THREE OF PLAINTIFF'S COMPLAINT

The Ohio Consumer Sales Practices Act is a remedial law and must be liberally construed. *Sterling Constr., Inc. v. Alkire*, 2014-Ohio-2897 at *11 (12th Dist. 2014); see also *Shumaker v. Hamilton Chevrolet, Inc.*, 184 Ohio App. 3d 326. 2009-Ohio-5263, ¶ 17 (4th Dist. 2009).  The CSPA explicitly provides that "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.02(A). The CSPA generally defines "'unfair or deceptive consumer sales practices' as those that mislead consumers about the nature of the product they are receiving, while 'unconscionable acts or practices' relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue." *Whitaker v. M.T. Automotive, Inc.,* (2006) 111 Ohio St.3d 177, 2006-Ohio-5481, ¶ 10, 855 N.E.2d 825. A nonexhaustive list of practices defined as "unfair" or "deceptive" is contained in R.C. 1345.02(B). *Schneble v. Stark,* 2012-Ohio-3130, ¶ 47 (12th Dist. 2012).  The list of act(s) or practice(s) of a supplier which may be deceptive under R.C. 1345.02(B) includes but is not limited to:

> 1.  That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not; (R.C. 1345.02(B)(2))

2.  That the consumer transaction involves or does not involve a warranty, a disclaimer of warranties or other rights, remedies, or obligations if the representation is false (R.C. 1345.02(B)(10)

*See* ORC § 1345.02(B). When determining whether an act or practice is deceptive, Courts must look at the incident from the consumer's standpoint. *Chesnut v. Progressive Cas. Ins. Co.*, 850 N.E.2d 751, 757 (8th Dist. 2006).  A deceptive act is one that has the "likelihood of inducing a state of mind in the consumer that is not in accord with the facts." *Id.*  A consumer who has been the victim of unfair or deceptive acts or practices may choose between rescinding the transaction or seeking actual economic damages. *Nelson v. Pieratt,* 2012-Ohio-2568 at *2 (12th Dist. 2012) If a consumer establishes a violation of the CSPA, the consumer is entitled to the greater of his/her actual damages or two hundred dollars.*Id.* at *18 (quoting R.C. 1345.09(B)).  In addition to the actual damages or $200.00, a consumer may also recover $5,000.00 in non-economic damages. R.C. 1345.09(F). See also *Charvat vs. Ryan*, (2007) 879 N.E.2d 765.

### 1.  The Plaintiff's prior knowledge does not preclude a CSPA Claim

In support of his claims (and the claims of the putative class) that the Defendant has violated the CSPA, the Plaintiff specifically pleads in his Complaint that "While shopping at various DG locations between early July 2022 and early December 2022, the Plaintiff noticed discrepancies between the prices of the merchandise advertised on the shelves and what he was charged at checkout." and "when there was a price discrepancy, the Plaintiff was usually charged and paid more than the advertised price."  *See* Compl., Doc. 1-2, at ¶¶ 13-14, PageID #21; *see also* Compl., Doc. 1-2, at ¶ 39 and ¶ 58, PageID #28 ("DG has engaged in unfair, deceptive, and/or unconscionable acts or practices in direct violation of the CSPA by charging a higher price at the register for merchandise than the price as advertised on the shelf price labels for the same merchandise").

These allegations clearly and plainly state that the CSPA Claims are based upon material

misrepresentations made by the Defendant to the Plaintiff and putative class members. As such the allegations are sufficient, for purposes of Civ. R. 12(b)(6) scrutiny, when the Defendant is alleged to have made material misrepresentations or misstatements when there is a cause and effect relationship established between the Defendant's acts and the Plaintiff's injuries. *Reeves v. PharaJet, Inc.*, 846 F. Supp.2d 791, 798 (N.D. Ohio, 2012) (quoting *Lilly v. Hewlett-Packard Co.*, 2006 U.S. Dist. LEXIS 22114, 2006 WL 10640603 at * 5 (S.D. Ohio Apr. 21, 2006).

Rather than focus on the actual pleadings of the Plaintiff in his Complaint which state specific material misrepresentations that violate the CSPA, the Defendant asks this Court to dismiss the Plaintiff's Complaint by misinterpreting *Reeves* and seeking dismissal of the Plaintiff's CSPA Complaint because of some awareness of the pattern of overcharges means he could not be deceived by the conduct of the Defendant. In support of this argument, the Defendant cites two cases - *Cicero v. Am. Satellite, Inc*., 2011-Ohio-4918, 2011 Ohio App. LEXIS 4053 (10th Dist. 2011) and *Advanced Prod. Ct. v. Emco Maier Corp.*, 2003-Ohio-6206, 2003 Ohio App. LEXIS 5568 (5th Dist. 2003). Any reliance on *Advanced Prod. Ct.* is misplaced on the Plaintiff in that matter asserted claims for fraud and breach of warranty which are not the claims at issue in this case. See, e.g. generally, *Advanced Prod. Ct. v. Emco Maier Corp.*, 2003-Ohio-6206. The Court in *Advance Prod. Ct.* found the Plaintiff's knowledge of the pre-existing issues with the product (clamping cylinders) was sufficient to warrant summary judgment to the Defendant because the Plaintiff could not prove justifiable reliance. *Id.*, 2003-Ohio-6206 at *14-17. Additionally the Plaintiff in *Advance Prod. Ct.* was a prior employee of the Defendant who was involved in resolving customer complaints about the very products he was purchasing from the Defendant. *Id.* Contrast that knowledgeable Plaintiff with the Plaintiff in this case. There is no evidence that Plaintiff knew which items would be overcharged and which items would not. For example, Plaintiff's Complaint outlines at least fifteen (15) *different* products he was overcharged for over a period of approximately two (2) months.

Reliance on *Cicero* to dismiss Plaintiff's Complaint would be improper for a variety of reasons.  While *Cicero* involved a CSPA Claim and a putative class, the *Cicero* was decided at the Summary Judgment Stage not the Motion to Dismiss stage.. See, e.g. generally *Cicero v. Am. Satellite, Inc*., 2011-Ohio-4918, 2011 Ohio App. LEXIS 4053 (10th Dist. 2011).  The 10th District found that the Plaintiff in *Cicero* could not establish deceptive acts because the Plaintiff there relied upon subsequent transactions to establish his violations. *Id*., 2011-Ohio-4918 at *19-20.  Again contrast that with a Plaintiff whose Complaint outlines at least fifteen (15) *different* products he was overcharged for over a period of approximately two (2) months.

The crux of Defendant's argument in seeking dismissal is Plaintiff's prior knowledge of the transactions creating some sort of scienter of knowledge that each transaction was already deceptive.  This is a question for summary judgment.

If this Court were inclined to agree with the Defendant's interpretation of *Cicero*, the more appropriate step is to allow the Plaintiff to amend his Complaint to allege violations for himself and the putative class for their first overcharge as violating the CSPA. See *Cicero*, 2011-Ohio-4918 at *20 ("As articulated in *EchoStar*, this decision does not preclude suit from being brought under the OCSPA by persons who receive an advertisement that is allegedly deceptive on its face and then feel misled after learning there are additional terms and conditions that are applicable to the initial offer."); see also *Ferron v. EchoStar Satellite, LLC,* 4010 Fed. Appx. 903 (6th Cir. 2010) ("Contrary to Ferron's arguments, there is no reason to believe that such individuals will be unaware of the deception the advertisements perpetuate. When a consumer responds to a deceptive advertisement, he or she will be presented with the additional terms. At this point, if the person has taken the advertisement on its face, he or she will become aware of the discrepancy between the advertisement and the actual offer. Simply put, the only persons foreclosed by today's ruling are individuals who solicit emails from an advertiser after having researched and discovered the additional terms the advertisement allegedly excludes.")

> **2.  The Plaintiff has sufficiently pled that the Defendant engaged in unfair or deceptive acts.**

In his Complaint, the Plaintiff states that the deceptive acts committed by the Defendant which may violate the CSPA are the product overcharges. *See* Compl., Doc. 1-2, at ¶¶ 13-14, PageID #21; *see also* Compl., Doc. 1-2, at ¶ 39 and ¶ 58, PageID #28 ("DG has engaged in unfair, deceptive, and/or unconscionable acts or practices in direct violation of the CSPA by charging a higher price at the register for merchandise than the price as advertised on the shelf price labels for the same merchandise").

The Defendant's arguments seeking dismissal of Plaintiff's CSPA Causes of Action for failure to plead unfair or deceptive acts are again questions more appropriate for summary judgment because making such a determination requires the consideration of evidence well outside the four corners of the Complaint.  The Defendant first states the Plaintiff "fails to mention the cash register display of product information and price". *See* Mtn. to Dismiss, Doc. 8-1, PageID #249.  This is contradicted by the express allegations of Plaintiff's Complaint. *See* Compl., Doc. 1-2, at ¶ 39 and ¶ 58, PageID #28 ("DG has engaged in unfair, deceptive, and/or unconscionable acts or practices in direct violation of the CSPA by charging a higher price at the register for merchandise than the price as advertised on the shelf price labels for the same merchandise").  The Defendant next ask this Court to apply both *Grgat v. Giant Eagle, Inc.,* 2019-Ohio-4582, 135 N.E.3d 846, 852 (8th Dist. 2019*)* and *Anderson v. Discount Drug Mart, Inc.,* 2021-Ohio-693, 169 N.E.3d 252 (8th Dist. 2021) in support of dismissal of Plaintiff's Complaint.  Both *Grgat* and *Anderson* are factually distinguishable from the Plaintiff's case as both of those cases dealt with potential violations of the CSPA for retailers who failed to disclose the single-unit benefit of a multi-benefit promotion causing consumers to purchase more product.  See *Grgat*, 135 N.E.3d at 848 ("The complaint further alleged: 16. By concealing that information from its customers during its price promotions, Giant Eagle deceives its customers into believing that they will receive a price advantage only by buying the specific number of

units identified in its ads, when, in fact they had not."); see *Anderson*, 169 N.E.3d at 255 ("The complaint included several examples of multiple-unit pricing promotions from Discount Drug Mart's weekly ads and alleged that Discount Drug Mart "has planned, advertised and implemented hundreds, if not thousands, of analogous price promotions for many different products over the years, including during 2017 and 2018, and continues to do so."..In actuality, however, this specific price advantage did not exist, because consumers shopping at [Discount Drug Mart] stores while this price promotion was running could have paid the same proportionate discounted price of $1.00 per bag for those same vegetables even if they had bought fewer than 10 bags of them from [Discount Drug Mart] during that time.")  Detrimental reliance on a potentially deceptive price tag triggering the purchase of more of an item is not the same as going to a store, viewing a price tag showing a discount, and being overcharged at the initial time of purchase.  In addition to being factually inapposite, reliance of *Grgat* and *Anderson* would also be inappropriate as those decisions were decisions at the *summary judgment* stage.

The Defendant's second argument seeking dismissal of Plaintiff's CSPA Complaint for failure to show a deceptive act is based upon its implementation of the Price Override/Price Match policy and application of *Tudor v. Jewel Food Stores,* 288 Ill. App.3d 207.  This Court should not consider the Defendant's Price Overridge/Price Match policy as evidence in support of the Motion to Dismiss as it is well outside the four corners of the Plaintiff's Complaint.  If this Court is inclined to allow the inclusion of the policy as evidence in support, the Policy itself supports triable questions of fact more suited for the summary judgment stage as to (1) whether the Defendant implemented this policy universally in all Ohio stores at the times of the transactions in the Complaint; (2) whether the Defendant maintained policies and procedures to ensure this Policy was being followed at all times in all Ohio stores at times of the transactions in the Complaint; and (3) whether reliance on this policy serves as an affirmative defense to alleged

CSPA violations.

Reliance on *Tudor* to dismiss the Plaintiff's Complaint would be improper.  While the Plaintiff's Complaint and the allegations in the *Tudor* Complaint are analogous, the legal issues are not.  The *Tudor* Court dismissed the Amended Complaint filed by *Tudor* for several reasons. First, the Court found that the Defendant had not deceived the Plaintiff or putative class members as "The combination of the high accuracy rate of the scanners, along with the issuance of a receipt and defendant's policy of providing a money-back guarantee if the scanned price differs from the shelf price, indicates there was no deception by defendant." *Tudor*, 288 Ill. App.3d 207, 210 (1st Dist. 1997).  Second, the *Tudor* Court found the Plaintiff failed to plead that the Defendant intended the Plaintiff relief on the deceptive act or practice. *Id.*  Neither of these grounds for dismissal here are relevant because the Plaintiff has simply pled an overcharge violated the CSPA and the CSPA does not require a showing of intent by the Defendant to deceive the Plaintiff. See *Whitaker v. M.T. Automotive, Inc.,* (2006) 111 Ohio St.3d 177, 2006-Ohio-5481, ¶ 10, 855 N.E.2d 825 ("The CSPA generally defines "'unfair or deceptive consumer sales practices' as those that mislead consumers about the nature of the product they are receiving, while 'unconscionable acts or practices' relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue.")  At least one federal court in Illinois sought to narrow *Tudor* in a case much more analogous to the facts of this case as they apply to the putative class. See *Canasta v. Omaha Steaks Int'l Inc*, 2013 U.S. Dist. LEXIS 118475 at *29-30 ("Defendants argue that Camasta's claims of deception are unfounded because he was able to determine defendants' pricing practices from public sources and defendants offer him a full refund. Unlike in *Tudor*, however, where the money back guarantee specifically highlighted the overpayment at issue and the plaintiff admitted that charges were 96% accurate, here Camasta's allegations do not foreclose a finding that defendants' advertising practices were deceptive. The argument that a money back guarantee essentially makes any alleged falsity in advertising

irrelevant because it is harmless "has been repeatedly rejected.")   The Defendant cannot use its refund policy as a shield at this stage to the allegations made by the Plaintiff.

The Defendant's final argument seeking dismissal of Plaintiff's Complaint for failure to plead deceptive acts was the Plaintiff's decision to include receipts.  This argument relies heavily on applications of this Court of *Tudor* and *Grgat* to this matter which the Plaintiff has distinguished above.   The receipts at best create triable issues of fact more appropriate for summary judgment.

### 3.  The Plaintiff has sufficiently pled a nexus for his damages.

The Defendant's next argument seeking dismissal of the Plaintiff's Complaint is the Plaintiff's failure to adequately plead cause-and-effect. *See* Mtn. to Dismiss, Doc. 8-1 at PageID #253-254.  The Plaintiff incorporates his arguments made in Part III(A)(1) above in response to the Defendant's arguments and again states the more appropriate step is to allow the Plaintiff to amend his Complaint to allege violations for himself and the putative class for their first overcharged as violating the CSPA. See *Cicero*, 2011-Ohio-4918 at *20.

### 4.  The Defendant's actions were knowing and directly impacted the Plaintiff and the Class.

The Defendant's arguments that the Plaintiff has failed to adequately plead the Defendant's actions were knowing and directly impacted the Plaintiff and the Class are premature at best..  In general, the CSPA defines 'unfair or deceptive consumer sales practices' as those that mislead consumers about the nature of the product they are receiving, while 'unconscionable acts or practices' relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue." *Whitaker v. M.T. Auto., Inc.,* 855 N.E.2d 825, 829 (Ohio 2006). Although the R.C. 1345.02 does not explicitly state that misrepresentations must be material to the transaction, it is well established that a deceptive act or practice under the CSPA is one that "'has the tendency or capacity to mislead consumers concerning a fact or circumstance material to a decision to purchase the product or service offered for sale.'" (Emphasis added.)

10

*Grgat*, 2019-Ohio-4582 at *16 (quoting *Richards v. Beechmont Volvo,* 127 Ohio App.3d 188, 711 N.E.2d 1088 (1st Dist.1998), quoting *Cranford v. Joseph Airport Toyota, Inc.*, 2d Dist. Montgomery No. 15408, 1996 Ohio App. LEXIS 2252 (2nd Dist. 1996). In order to be deceptive under the CSPA, the act or practice must be false and material to the consumer transaction. *Grgat*, 2019-Ohio-4582 at *16.

Here the Plaintiff has plead he purchased at least one item, if not multiple items, at various Dollar General stores in which the price he paid was materially different that the shelf tag. *See* Compl., Doc. 1-2, at ¶¶ 12-20, PageID #21-23. This is more than sufficient at the pleading stage to state viable claims for relief under the CSPA under *Whitaker* and *Grgat.*

### 5. The CSPA Safe Harbor should not bar the claims asserted in the Complaint.

The Defendant's final argument as to why Plaintiff's CSPA Causes of Act fail is the potential application of ORC § 1345.12 and whether Defendant's pricing discrepancies fall outside the NIST Handbook 130. The Defendant's arguments regarding the Safe Harbor are issues of fact to be developed in discovery which are more suitable to decide at the summary judgment phase.

### B. THE PLAINTIFF HAS STATES VIABLE CLAIMS FOR UNJUST ENRICHMENT

The Defendant asks this Court to dismiss the unjust enrichment claims of the Plaintiff and the putative class for two reasons: (1) an implied contract exists and (2) the dismissal of the CSPA's claims would cause the unjust enrichment claim to fail.

With respect to the Defendant's argument that the unjust enrichment claim fails because there is a creation of an implied contract, the Plaintiff agrees that *Wulger* applies however looking again at the face of the pleadings, the Plaintiff's own allegations refute whether an implied-in-fact contract actually exists because there was no meeting of the minds as to the price. *See, e.g., generally* Compl.. Doc. 1-2, at ¶¶ 11-23, PageID #21-23; see also *Sancap Abrasives Corp. v. Swiss Indus. Abrasives Grp.*, 68 F. Supp. 2d 853, 862 (N.D. Ohio 1999). In the event

11

this Court were to find a contract exists, the Plaintiff would request the opportunity to file an Amended Complaint to add a claim for relief for breach of contract in place of the unjust enrichment claim.

With respect to the Defendant's argument that dismissal of Plaintiff's CSPA Claims would cause the dismissal of the Unjust Enrichment claims, it is a triable issue of fact as to whether the claims are based upon the same fraud or potentially a different fraud. The purpose of an unjust enrichment claim is not to compensate the plaintiff for loss or damage suffered by the plaintiff, but to enable the plaintiff to recover the benefit he has conferred on the defendant under circumstances in which it would be unjust to allow the defendant to retain it." *Barrow v. Vill. of New Miami*, 104 N.E.3d 814, 818 (12th Dist. 2018).  The Plaintiff has pled that "48. Based on the allegations herein, supra, DG has engaged in a pattern and practice of overcharging the Plaintiff and members of the Classes by at least $7.35 and collected monies from the Plaintiff and members of the Classes which DG knew or should have known that DG had no contractual or legal right to collect." and "49. Based on the allegations  herein, DG enjoyed the use of these overcharges without providing any material benefit to the Plaintiff and members of the Classes." *See* Compl., Doc. 1-2,  at ¶¶ 48-49, PageID #27.  These allegations, especially the "collected monies from the Plaintiff and members of the class" could be construed at this stage to be a plausible claim for unjust enrichment that is not directly impacted by the acts that gave rise to the Plaintiff's CSPA allegations.

**C. THE PLAINTIFF'S CLASS ALLEGATIONS HAVE BEEN SUFFICIENTLY PLED AND SHOULD NOT BE STRICKEN**

**1. The CSPA Class Claims should not be stricken as the Plaintiff has pled notice**

In seeking to strike Plaintiff's Class Allegations the Defendant first argues that the Plaintiff has failed in his Complaint to satisfy the notice requirement required to maintain a class action under the CSPA.  To qualify as sufficient notice, the defendant's alleged violation of the OCSPA must be "substantially similar to an act or practice previously declared to be deceptive

12

by one of the methods identified in R.C. 1345.09(B)." See *Pattie v. Coach, Inc.*, 29 F.Supp 3d 1051, 1056 (N.D. Ohio 2014) (quoting *Marrone v. Philip Morris USA, Inc*., 110 Ohio St.3d 5, 6, 2006 Ohio 2869, 850 N.E.2d 31 (2006)). "Substantial similarity means a similarity not in every detail, but in essential circumstances or conditions." *Pattie*, 29 F.Supp. 3d at 1056; see also *Marrone*, 110 Ohio St.3d 5, 10.   "Cases that involve industries and conduct very different from the defendant's do not provide meaningful notice of specific acts or practices that violate the CSPA." *Pattie*, 29 F.Supp. 3d at 1056; see also *Marrone* 110 Ohio St. 3d 5, 9.

In his Complaint, the Plaintiff pled prior notice under the CSPA and attached 2 Public Inspection Files as Exhibit 2 to his Complaint. *See* Compl., Doc. 1-2, at ¶ 41, PageID #26 ("41. Ohio Courts have determined that the actions of a supplier in failing to honor promised prices constitute unfair or deceptive acts or practices. *See State of Ohio ex rel. Petro v. Level Propane Gases, Inc.*, PIF No. 2198 (November 27, 2003) and *White v. Kent*, PIF No. 636 (March 30, 1988). A copy of PIF Nos. 2198 and 636 is attached as Exhibit 2."); see also Doc. 1-2, PageID #84-90 (*White v. Kent* PIF); see also Doc. 1-2, PageID #91-109 (*State of Ohio ex rel. Petro v. Level Propane Gases, Inc.* PIF).

The Defendant's arguments as to why these two PIFs do not meet the requisite notice requirements to maintain a class action under the CSPA are not compelling and ignore the tests for similar notice articulated by the Court in *Pattie*.  The Defendant first argues that both PIFs are inapplicable because the Defendant's brick-and-mortar business is a different kind of industry that that of the Defendants in the PIFs.  This argument clearly discounts the fact that all three types of transactions (the two PIFs and the purchases by consumers at the Defendant's stores) are all retail transactions involving a business and a consumer.  Size of the business should not matter; the fact the PIFs related to similar purchase arrangements should.  The Defendant's next argument is that the types of transactions are too materially different.  The transactions between the Class (and the Plaintiff) and the Defendant involve potential deceptive

conduct involving discrepancies between the self-price and the checkout price. *See* Compl., Doc. 1-2, at ¶¶ 13-14, PageID #21-23. The deceptive transaction in *White* involved an automobile purchase where the dealership charged an additional $2,000.00 on the contract price from the sticker price. See *White v. Kent*, 547 N.E.2d 386, 387 (1st Dist. 1988). The deceptive transaction in *Level Propane* was, among other things, the business's bait-and-switch between an advertised price and the actual price paid by the consumer at time of delivery. *See* Doc. 1-2, Page 81 at ¶¶ 7, 8, 9, 12, PageID #96-97. These types of transactions are more than sufficient to provide prior notice to the Defendant of prior acts related to overcharging consumers violate the CSPA. ORC § 1345.05(A)(3); see also *Pattie*, 29 F.Supp. 3d 1051, 1055-56. The Defendant's arguments to strike the Plaintiff's class allegations for lack of notice must be disregarded and denied.

### 2. The CSPA Class Definition is not overbroad

The Defendant's second, third and fourth reasons seeking to strike the Plaintiff's Class allegations should immediately be denied as both issues are much more appropriately evaluated after discovery and at the class certification stage. See *Glass v. Tradesmen Int'l LLC*, 505 F.Supp. 3d 747, 764-765 (N.D. Ohio 2020) ("While the Court may strike class allegations prior to a motion to certify, the Court declines to do so at this early stage. Tradesmen is correct that a court may strike class action allegations prior to a motion for class certification "where the complaint itself demonstrates that the plaintiff cannot meet the requirements for maintaining a class action." *Johnson v. Geico Choice Ins. Co.,* No. 1:18-cv-1353, 2018 U.S. Dist. LEXIS 207938, 2018 WL 6445617, at *4 (N.D. Ohio Dec. 10, 2018)"); see *Pilgrim v. Universal Health Card LLC*, 660 F.3d 943,949 (6th Cir. 2011) (""District courts still have a duty to "engag[e] in a 'rigorous analysis' of the question, and 'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.")"; see also, *Legrand v. Intellicorp Records, Inc.*, No. 1:15-cv-2091, 2016 U.S. Dist. LEXIS 38690, 2016 WL 1161817,

at *4 (N.D. Ohio Mar. 24, 2016) (finding that, at the pleading stage, the court could not conclude as a matter of law that individual issues would predominate over common issues, and concluding "[a]s is generally the case, this balance can be better evaluated after discovery."); see also *Eliason v. Gentek Bldg. Prod., Inc.*, No. 1:10-cv-02093, 2011 U.S. Dist. LEXIS 94032, 2011 WL 3704823, at *3 (N.D. Ohio Aug. 23, 2011 ("'A motion to strike class allegations is not a substitute for class determination and should not be used in the same way.'"); see also *Geary v. Green Tree Serv., LLC,* No. 2:14-cv-00522, 2015 U.S. Dist. LEXIS 35059, 2015 WL 1286347, at *17 (S.D. Ohio Mar. 20, 2015) ("The Court deems it prudent to assess the propriety of class certification in the context of a fully briefed class certification motion rather than in the context of a motion to strike class claims at the pleading stage.").

The Defendant is seeking to strike Plaintiff's class definition as overbroad by claiming, at the pleading stage, that the definition would include customers who purchased merchandise not subject to the price discrepancy. *See* Mtn. to Dismiss, Doc. 8-1, PageID #262.  This argument assumes facts not plead by the Plaintiff and would be its own definition require discovery to disprove which is much more appropriate for the class certification phase as at that time the Plaintiff will have completed discovery, know all potential class members who were affected by the discrepancy, and know products sold by the Defendant were subject to the pricing discrepancy in which Ohio stores.

### 3.  The CSPA Subclass Definition is not a fail-safe class

A fail-safe class is one which impermissibly determines membership based upon a determination of liability. *Campbell v. First Am. Title,* 269 F.R.D. 68; 73-74 (D. Me. 2010); see also *Randelman v. Fidelity National Title Ins. Co.*, 646 F. 347 (6th Cir. 2011).  In this case the proposed sub-class definition is necessary because it incorporates an essential element of the causes of action - that the class members actually suffered an actual damage from the pricing discrepancy.  Given the nature of the claims at the initial pleading stage, this kind of broad sub-

class is necessary until discovery is conducted and the Plaintiff seeks class certification.

### 4. The CSPA Class Definition meets the requirements at the pleading stage for predominance and superiority

The concerns raised by the Defendant as to the predominance and superiority requirements of the Plaintiff's Class and Subclass definitions are precisely the kinds of issues to be dealt with at the class certification stage given the causes of action being asserted.  See *Glass v. Tradesmen Int'l LLC*, 505 F.Supp. 3d 747, 764-765 (N.D. Ohio 2020);  see also *Geary v. Green Tree Serv., LLC,* No. 2:14-cv-00522, 2015 U.S. Dist. LEXIS 35059, 2015 WL 1286347, at *17 (S.D. Ohio Mar. 20, 2015).  It is more than sufficient at the initial pleading stage to present viable allegations of a harm, viable causes of action and proposed class definitions based upon publicly known information.  This Court must exercise the caution that other Courts in this District have done when reviewing Class allegations at the pleading stage and deny Defendant's Motion to Strike at this time.

### IV.    CONCLUSION

Plaintiff Norman Husar, individually and on behalf of all others similarly situated, has sufficiently pled viable claims for violations of the Ohio Consumer Sales Practices Act and Defendant DolGen Midwest LLC's Motion to Dismiss must be denied in its entirety.  In the event this Court reasonably determined that any portion of the Plaintiff's Complaint should be dismissed and/or stricken, the Plaintiff would respectfully request an opportunity to file an Amended Complaint to correct any issues with the plausibility of the allegations and claims raised by the Plaintiff.

**WHEREFORE**, Plaintiff Norman Husar, individually, and on behalf of all others similarly situated, respectfully requests that this Court deny Defendant DolGen Midwest LLC's Motion to Dismiss in its entirety and for all other relief that this Court may deem just and proper.

Respectfully submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick (0081605)

Marc E. Dann (0039425)
Whitney Kaster (0091540)
Michael A. Smith, Jr. (0097147)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
Phone: (216)373-0539
Facsimile: (216)373-0536
notices@dannlaw.com
*Counsel for Plaintiff Norman Husar and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023 that a true and accurate copy of the foregoing *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss* was filed via the CM/ECF system that will send notification to all counsel of record.

/s/ Brian D. Flick, Esq.
Brian D. Flick (0081605)
Marc E. Dann (0039425)
Whitney Kaster (0091540)
Michael A. Smith, Jr. (0097147)
DannLaw
*Counsel for Plaintiff Norman Husar and the Putative Class*